UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Asusena Soto Gonzalez, | Case No.: 2:21-cv-02238-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting the Government's Motion to Dismiss and Remanding Case Back to State Court** |
| University Medical Center of Southern Nevada, et al., | [ECF Nos. 10, 21, 27] |
| Defendants | |

Plaintiff Asusena Soto Gonzalez first filed this state-law medical-malpractice action in state court against the University Medical Center of Southern Nevada and several doctors for medical complications she suffered after childbirth. The United States intervened, removed the case to this court, and substituted itself as a defendant for Dr. Carter Kaminski, who was a member of the United States Air Force when he treated Gonzalez. The United States now moves to dismiss the claims against it because Gonzalez did not exhaust her remedies under the Federal Tort Claims Act. Gonzalez moves to remand, arguing that the United States has not sufficiently shown that Dr. Kaminski was acting within the scope of his federal employment when he treated her. The hospital moves to dismiss because Gonzalez did not satisfy the state notice requirements for a professional-negligence action.

Because Gonzalez hasn't rebutted the government's certification of Kaminski's federal employment and hasn't exhausted her remedies under the Federal Tort Claims Act, I dismiss the claims against the United States without prejudice. And because only state-law claims remain, I decline to exercise supplemental jurisdiction over them, remand the case back to state court, and deny the hospital's motion to dismiss without prejudice to its refiling there.

**Background**

Gonzalez filed this lawsuit in state court in October 2021, alleging that doctors at the University Medical Center of Southern Nevada hospital (UMC) were negligent when they treated her for complications arising from childbirth.[1] Gonzalez alleges that her doctors failed to meet the relevant standard of care when they gave her calcium chloride through a peripheral IV, while the standard of care is to provide that medication through a central line.[2] Dispersing the drug through the peripheral IV caused blistering on Gonzalez's right hand, requiring "multiple treatments, surgeries, skin grafts, and occupational therapy" to repair the damage.[3] She sued UMC and several doctors involved in her care, including Dr. Kaminski.[4]

In December 2021, Dr. Kaminski removed this case to federal court under the Federal Employees Liability Reform and Tort Compensation Act—commonly referred to as the Westfall Act.[5] As contemplated by the Act, the United States Attorney for the District of Nevada certified that Dr. Kaminski was acting within the scope of his federal employment when he treated Gonzalez at UMC.[6] Kaminski then moved to substitute the United States as a party under the same provision.[7] Gonzalez did not oppose that motion and the magistrate judge granted it.[8] Gonzalez now moves to remand, arguing that the United States Attorney's certification is

---

[1] *See* ECF No. 15-2 (state-court complaint).
[2] *Id.* at ¶¶ 34–45.
[3] ECF No. 36 at 2.
[4] ECF No. 15-2 at ¶¶ 2–14.
[5] ECF No. 15; 28 U.S.C. § 2679.
[6] ECF 15-3.
[7] ECF No. 6; *see* 28 U.S.C. § 2679(d)(1) ("Such [negligence] action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . and the United States shall be substituted as the party defendant.").
[8] ECF No. 13.

2

insufficient to support federal jurisdiction over her claims.[9] The government moves to dismiss, reasserting its position that the United States was properly substituted for Dr. Kaminski and arguing that the Federal Tort Claims Act (FTCA) is the exclusive vehicle for Gonzalez to hold the United States liable for Dr. Kaminski's alleged negligence.[10] And because Gonzalez failed to exhaust her administrative remedies under the FTCA, the United States contends that any such claim against it must be dismissed.[11]

## Discussion

### I. Gonzalez has not met her burden to contest the U.S. Attorney's certification.

The Westfall Act "immunizes United States employees from liability for their 'negligent or wrongful acts or omissions . . . while acting within the scope of their office or employment.'"[12] The Act authorizes the Attorney General to certify that a federal employee was acting within the scope of his employment during the relevant events.[13] After such certification, the Westfall Act "requires the substitution of the United States as the defendant[] and, if the action was originally filed in state court, the removal of the action to federal court."[14] The

---

[9] ECF No. 21.

[10] ECF No. 27.

[11] *Id.* UMC separately moves to dismiss the claims against it. ECF No. 10. Because I decline to retain jurisdiction over this action after the claims against the United States have been dismissed, I decline to rule on the merits of UMC's motion and simply deny that motion without prejudice in light of the remand.

[12] *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (quoting 28 U.S.C. § 2679(b)(1) (cleaned up)).

[13] 28 U.S.C. § 2679(d)(1). The Attorney General has delegated certification authority to the United States Attorney "for the district where the civil action or proceeding is brought." 28 C.F.R. § 15.4.

[14] *Green*, 8 F.3d at 698.

Westfall Act "leaves the plaintiff with a single avenue of recovery" against the United States: the FTCA.[15]

The United States Attorney's certification constitutes prima facie evidence that the employee was acting within the scope of his federal employment during the relevant period and is conclusive unless challenged.[16] A plaintiff challenging certification "bears the burden of presenting evidence and disproving the . . . certification by a preponderance of the evidence."[17] Gonzalez has not met that burden. She protests that the certification contains no evidence to prove that Dr. Kaminski was acting as a federal employee while treating her at UMC.[18] But to successfully challenge certification, it is Gonzalez who must show that Dr. Kaminski was not acting within the scope of his employment with the Air Force when he treated her; the United States Attorney's certification, even if conclusory and sparse, is presumptive proof unless and until the plaintiff disproves it.[19] Because Gonzalez presents no evidence to challenge certification, I find that she has failed to meet her burden, and I deny her motion to remand.[20]

---

[15] *Id.*

[16] *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). Technically, certification is conclusive as to *removal* regardless of challenge. A plaintiff challenging certification cannot undo removal through that mechanism; she may challenge only the substitution of the United States. Even if a court finds that the certification is invalid and reinserts the employee-defendant, federal-court jurisdiction does not disappear. *Osborn v. Haley*, 549 U.S. 225, 244–45 (2007). Because Gonzalez's challenge fails by all accounts, I don't address this distinction.

[17] *Id.*

[18] ECF No. 21; ECF No. 36.

[19] *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 421 (1995) (noting that the certification in that case, "as is customary, stated no reasons for the U.S. Attorney's scope-of-employment determination" and finding that such a certification can be challenged, but not requiring any further explanation from the U.S. Attorney at the outset).

[20] Even if I were to consider whether whether Dr. Kaminski was indeed acting within the scope of his federal employment when he treated Gonzalez, I would find that he was. The Ninth Circuit in *Ward v. Gordon*, 999 F.2d 1399 (9th Cir. 1993), was presented with a largely identical fact pattern to that presented here. It determined that a military employee performing a medical

4

**II.     Gonzalez did not exhaust her administrative remedies against the United States.**

The FTCA provides the exclusive avenue through which a plaintiff can hold the United States liable for the negligence of its employees.[21] But before a plaintiff may bring an FTCA claim, she must first "present[] the claim to the appropriate [f]ederal agency and [her] claim [must] have been finally denied by the agency in writing . . . ."[22] The FTCA's exhaustion requirement "is a jurisdictional limitation": if a plaintiff fails to exhaust her administrative remedies, the district court lacks subject-matter jurisdiction over the claim.[23]

Gonzalez concedes that she did not file any such claim with the proper federal agency because she did not know Dr. Kaminksi was a federal employee until the United States removed this case.[24] She asks that I "dismiss the United States[] without prejudice[] and remand the case back to state court [to] allow [her] the opportunity to exhaust her administrative remedies."[25]

---

residency at a private hospital on the military's behalf was a federal employee for the purposes of removal under § 2679, reasoning that the employee was acting in a manner that furthered the interests of the United States military, even if he also furthered the interests of the private hospital. *Id.* at 1404. Soo too here. The United States has presented evidence that Dr. Kaminski was assigned to a UMC residency through a reciprocal agreement between UMC and the Air Force, the purpose of which was to train military doctors. *See* ECF No. 25 at 2–3. Gonzalez does not acknowledge or respond to this evidence. But following the analysis in *Ward*, it appears certain that Dr. Kaminski was acting as a federal employee when serving as a UMC resident on the Air Force's behalf.

[21] 28 U.S.C. § 2679(b)(1).

[22] *Id.* at § 2675(a).

[23] *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991) (citing *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977)).

[24] ECF No. 36 at 4.

[25] *Id.* The Ninth Circuit has endorsed this approach in very similar circumstances. In *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017), the plaintiff's case was removed to federal court under a statute that mandates removal and substitution of the United States for cases brought against employees of the Public Health Service. The district court dismissed the FTCA claim against the United States because the plaintiff failed to exhaust, and it remanded the case to state court. While that case was proceeding, the plaintiff exhausted his remedies and reinserted the federal employee as a defendant. The United States again removed

The government's three-paragraph reply does not address Gonzalez's request.[26] Because the parties appear to agree that Gonzalez has not met the FTCA's jurisdictional exhaustion requirement, this court lacks subject-matter jurisdiction over the United States. I thus dismiss the claims against the government.

And because this case was removed solely because the United States was substituted as a defendant under the FTCA, this court is exercising supplemental jurisdiction over the remaining state-law claims. Federal courts are courts of limited jurisdiction, and they maintain supplemental jurisdiction over state-law claims that "are so related to the claims in the action" that they form the same case or controversy with the claims over which the court has jurisdiction."[27] But once a plaintiff's federal claims are gone, the court may decline to exercise supplemental jurisdiction over the remaining state-law claims.[28] Because the United States has been dismissed from this action and only state-law negligence claims remain against private entities who may be sued in state court, I decline to exercise supplemental jurisdiction over those remaining claims, and I remand this case back to state court where those claims originated.

**Conclusion**

**IT IS THEREFORE ORDERED** that Asusena Soto Gonzalez's motion for remand **[ECF No. 21] is DENIED**.

---

and argued that reinserting the defendant, rather than filing a separate case against him, was improper. The Ninth Circuit disagreed, finding that the plaintiff's course of action was permitted under the FTCA, reasoning that merging the suits after exhausting furthered "the exhaustion requirement's goal of reducing congestion in the courts." *Id.* at 1248 (cleaned up).

[26] ECF No. 37.

[27] 28 U.S.C. § 1367(a).

[28] *Id.* at § 1367(c)(4); *see Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court.").

**IT IS FURTHER ORDERED** that the government's motion to dismiss **[ECF No. 27] is GRANTED**. Plaintiff's claims against the United States are **DISMISSED** without prejudice. Because the court lacks jurisdiction over the remaining claims and defendants, the Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Department 11, Case No. A-21-837197-C,** and CLOSE THIS CASE.

**IT IS FURTHER ORDERED** that University Medical Center's motion to dismiss **[ECF No. 10] is DENIED without prejudice**.

_____
U.S. District Judge Jennifer A. Dorsey
June 30, 2022